## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | ) ) ) ) |
| | ) MDL No. 2262 |
| _____ | ) ) Master File No. 1:11-md-2262-NRB |
| THIS DOCUMENT RELATES TO: | ) ) |
| THE BERKSHIRE BANK, GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO and DIRECTORS FINANCIAL GROUP Individually and On Behalf of All Others Similarly Situated, | ) ECF Case ) ) ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 12-CV-5723-NRB ) |
| v. | ) ) ) |
| BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; BANK OF TOKYO MITSUBISHI UFJ LTD.; BARCLAYS BANK PLC; BRITISH BANKERS' ASSOCIATION; BBA ENTERPRISES LTD.; BBA LIBOR LTD.; CITIGROUP, INC.; CITIBANK, N.A.; COÖPERATIEVE CENTRALE RAIFFEISENBOERENLEENBANK B.A.; CREDIT SUISSE GROUP AG; DEUTSCHE BANK AG; HSBC HOLDINGS PLC; HSBC BANK PLC; JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LLOYDS BANKING GROUP PLC; HBOS PLC; ROYAL BANK OF CANADA; THE NORINCHUKIN BANK; THE ROYAL BANK OF SCOTLAND GROUP PLC; UBS AG; WESTLB AG; and WESTDEUTSCHE IMMOBILIENBANK AG, | ) ) **MEMORANDUM OF LAW IN** ) **SUPPORT OF GOVERNMENT** ) **DEVELOPMENT BANK OF** ) **PUERTO RICO'S MOTION TO** ) **AMEND THE COURT'S** ) **NOVEMBER 3, 2015 ORDER** ) **AND FOR LEAVE TO AMEND** ) **THE SECOND AMENDED** ) **CONSOLIDATED COMPLAINT** ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) ) |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS .....................................................................................................3

      A.    Relevant Procedural History ................................................................3

      B.    Relevant Allegations ...........................................................................4

ARGUMENT .........................................................................................................................5

      A.    Legal Standard .....................................................................................5

      B.    The Second Circuit's Recent Decision in *Schwab* Is "Good Cause" To
             Support Amendment ............................................................................7

      C.    Amendment Is Appropriate Because GDB Has Acted In Good Faith and
             Without Delay, There Is No Prejudice To Defendants, And Amendment
             Will Not Be Futile ...............................................................................9

CONCLUSION ....................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ansam Assoc., Inc. v. Cola Petroleum, Ltd.*,
    760 F.2d 442 (2d Cir. 1985)..................................................10

*Block v. First Blood Assocs.*,
    988 F.2d 344 (2d Cir. 1993)..............................................2, 6, 10

*BPP Ill., LLC v. Royal Bank of Scot. Grp., PLC*,
    603 F. App'x 57 (2d Cir. 2015)..............................................2, 9

*Brodvin v. Hertz Corp.*,
    487 F. Supp. 1336 (S.D.N.Y. 1980)..........................................10

*Carnrite v. Granada Hosp. Group, Inc.*,
    175 F.R.D. 439 (W.D.N.Y. 1997)..............................................7

*Charles Schwab Corp. v. Bank of Am. Corp.*,
    883 F.3d 68 (2d Cir. 2018)........................................... *passim*

*Citizens & Southern Sec. Corp. v. Braten*,
    733 F. Supp. 655 (S.D.N.Y. 1990) .........................................10

*Elsevier Inc. v. Grossmann*,
    2017 U.S. Dist. LEXIS 69677 (S.D.N.Y. May 8, 2017)........................7

*Foman v. Davis*,
    371 U.S. 178 (1962).......................................................5, 6

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    2015 U.S. Dist. LEXIS 147561 (S.D.N.Y. Oct. 19, 2015) ..................7, 8

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    2015 U.S. Dist. LEXIS 149629 (S.D.N.Y. Nov. 3, 2015) .............. *passim*

*Javier v. Botello*,
    239 F.R.D. 342 (W.D.N.Y. 2006)..............................................6

*Kassner v. 2nd Ave. Delicatessen Inc.*,
    496 F.3d 229 (2d Cir. 2007).................................................7

*Lowry v. Eastman Kodak Co.*,
    14 F. App'x 27 (2d Cir. 2001) ..............................................7

*McGuire v. Warren*,
  207 F. App'x 34 (2d Cir. 2006) ...........................................................................7

*Milanese v. Rust-Oleum Corp.*,
  244 F.3d 104 (2d Cir. 2001)...............................................................................10

*Monahan v. New York City Dep't of Corr.*,
  214 F.3d 275 (2d Cir. 2000)................................................................................6

*Nycomed U.S. Inc. v. Glenmark Generics, Ltd.*, No. 08-CV-5023,
  2010 U.S. Dist. LEXIS 29267 (E.D.N.Y. Mar. 26, 2010)................................5, 6

*Oliver Schools, Inc. v. Foley*,
  930 F.2d 248 (2d Cir. 1991)................................................................................5

*Parker v. Columbia Pictures Indus.*,
  204 F.3d 326 (2d Cir. 2000)............................................................................6, 7

*Phillips v. Kidder, Peabody & Co.*,
  1994 U.S. Dist. LEXIS 14578 (S.D.N.Y. Oct. 13, 1994) .........................................9

*Ronzani v. Sanofi*,
  899 F.2d 195 (2d Cir. 1990)................................................................................5

*Sokolski v. Trans Union Corp.*,
  178 F.R.D. 393 (E.D.N.Y. 1998) .........................................................................6

*State Teachers Ret. Bd. v. Fluor Corp.*,
  654 F.2d 843 (2d Cir. 1981)................................................................................6

*Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*,
  2016 U.S. Dist. LEXIS 130918 (S.D.N.Y. Sept. 23, 2016)...................................7

*Williams v. Citigroup Inc.*,
  659 F.3d 208 (2d Cir. 2011)................................................................................5

*Woodworth v. Erie Ins. Co.*,
  2009 U.S. Dist. LEXIS 49379 (W.D.N.Y. June 12, 2009)...................................6, 7

## Rules

Fed. R. Civ. P. 15(a) ...........................................................................................5, 6

Fed. R. Civ. P. 16(b) .............................................................................................6

Fed. R. Civ. P. 59(e) ..........................................................................................1, 5

Fed. R. Civ. P. 60(b) ..........................................................................................1, 5

Local Rule 6.3...................................................................................................................1

The Government Development Bank of Puerto Rico ("GDB") respectfully submits this memorandum of law in support of its Motion to Amend the Court's November 3, 2015 Order and for Leave to Amend the Second Amended Consolidated Complaint (the "Motion"). GDB's Proposed Third Amended Consolidated Complaint (the "PTAC") is attached hereto as Exhibit A (clean) and Exhibit B (redline) (see ¶ 280).[1]

## **INTRODUCTION**

This is an action brought asserting a claim of common law fraud on behalf of all lending institutions headquartered in the states and territories of the United States that originated, purchased outright, or purchased a participation interest in, adjustable loans paying interest at rates tied to the U.S. Dollar London Interbank Offered Rate ("LIBOR"), which adjusted at any time between August 1, 2007 and May 31, 2010, inclusive (the "Class Period"). Plaintiffs and the Class suffered damages as a result of Defendants' fraudulent conduct in persistently suppressing the LIBOR rate during the Class Period, causing Plaintiffs to receive lower interest than they would have been entitled but for Defendants' fraud.

This Motion is prompted by the Court's November 3, 2015 Order (ECF No. 1234) *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2015 U.S. Dist. LEXIS 149629, * (S.D.N.Y. Nov. 3, 2015) ("*LIBOR V*"). In *LIBOR V*, this Court dismissed GDB's fraud claim as time barred, holding that GDB was on inquiry notice by May 29, 2008 by imputing knowledge of news articles about LIBOR to GDB. *Id.* at *77. ("we consider GDB to have been on inquiry

---

[1] Lender Plaintiffs have concurrently filed herewith, pursuant to provision 2B of Your Honor's Individual Practices, a letter requesting a pre-motion conference to address Lender Plaintiffs' intention to move pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and Local Rule 6.3 for reconsideration of the Court's dismissal of GDB's fraud claim as time barred in *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2015 U.S. Dist. LEXIS 149629, * (S.D.N.Y. Nov. 3, 2015) ("*LIBOR V*") in light of the Second Circuit's recent decision in *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 97 (2d Cir. 2018) ("*Schwab*"), in the event that the Court determines that reconsideration is the more appropriate procedural avenue.

notice by May 29, 2008 (or the date of its investment, whichever is later)"). Even though the complaint did not allege that GDB was aware of the articles, the Court held that GDB had "constructive knowledge" of the articles. *Id*. at *76.

Recently, evaluating the same news articles for purposes of constructive notice, the Second Circuit came to the opposite conclusion. In *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 97 (2d Cir. 2018), the Second Circuit held that this Court's dismissal of the Schwab plaintiffs' state law unjust enrichment claim as time barred was in error.

> [E]ven if Schwab were aware of news articles that raised the possibility that 'LIBOR had been at artificial levels since August 2007,' it is not certain that any of Schwab's claims would be time-barred. The BBA responded to the negative press reporting by assuring investors and journalists that its own investigation had confirmed the accuracy of LIBOR. It is plausible that Schwab reasonably relied on those assurances, thus delaying the start of the limitations period.

*Id.* at 98 (citations omitted) citing *BPP Ill., LLC v. Royal Bank of Scot. Grp., PLC*, 603 F. App'x 57, 59 (2d Cir. 2015) (considering the same press reports at issue here, and reversing district court for "act[ing] too hastily" in dismissing LIBOR-manipulation claims as time-barred).

Amendment should be permitted based on the Second Circuit's recent decision in *Schwab*. *First*, there has not been any undue delay or bad faith by GDB. GDB could not have effectively amended its allegations prior to *Schwab* being decided. Indeed, this Court "so ordered" the June 15, 2018 deadline for filing motions to amend based on the decision in *Schwab*. *Second*, amendment will not prejudice Defendants or delay the proceedings. The proposed amendment does not add a new theory of liability, cause of action or party, and the fraud claim of the other Lender Plaintiff, The Berkshire Bank ("Berkshire"), has already been sustained. Thus, permitting amendment will not expand discovery. *Third*, amendment will not be futile. In *Schwab*, the Second Circuit set forth the manner in which GDB's claim should be evaluated for timeliness. The proposed amendment will make clear, to the extent the SAC does

not already do so, that GDB had not discovered facts indicating Defendants were knowingly engaging in misconduct until March 15, 2011.

## STATEMENT OF FACTS

### A.    Relevant Procedural History

Berkshire, located in New York, filed a complaint on July 25, 2012 on behalf of all New York lending institutions. *See* Case No. 12-CV-5723, ECF No. 1.  GDB was added as a named plaintiff and the class was expanded to all lending institution in the United States and its territories on November 21, 2012. *Id*. ECF No. 19.  Directors Financial Group, headquartered in California, filed a separate class action on February 13, 2013.  *See* Case No. 13-CV-01016, ECF No. 1.  On October 14, 2014, the Court granted Plaintiffs' motion to consolidate these actions. *See* Case No. 11-md-02262, ECF No. 692 at 8-9.  On November 13, 2014, Plaintiffs filed their Consolidated Second Amended Class Action Complaint.  *Id*. ECF No. 834.  On November 19, 2014, Plaintiffs filed the Corrected Consolidated Second Amended Class Action Complaint ("CCSAC"), which fixed certain formatting errors that occurred in the process of electronically transmitting the November 13 filing. *See Id*. ECF No. 852.

On January 16, 2015, Defendants filed motions to dismiss the CCSAC.  *See Id*. ECF No. 970, 978.  Plaintiffs filed their opposition briefs on February 27, 2015.  *See Id*. ECF No. 1082, 1085.  On March 17, and April 3, 2015, Defendants filed their reply briefs.  *See Id*. ECF No. 1117, 1124.  Oral argument was held on August 20, 2015.  On November 3, 2015, the Court issued *LIBOR V*, dismissing the common law fraud claim asserted by GDB as time barred. *LIBOR V*, at *76-77.[2]

---

[2] The Court also dismissed the common law fraud claim asserted by Berkshire for failure to adequately plead damages under New York law. *LIBOR V*, at *68-73.  Berkshire sought leave to amend its damages allegations in the CCSAC. ECF Nos. 1252, 1270, and on April 15, 2016, the Court found the proposed amendments sufficient. On April 18, 2016, Berkshire filed the SAC. ECF No. 1383.

### B.     Relevant Allegations

The SAC alleges[3] that "Prior to UBS's March 15, 2011 announcement that it had been subpoenaed in connection with the U.S. government's investigation into possible USD LIBOR manipulation, Plaintiffs had not discovered, and could not with reasonable diligence have discovered, that Defendants were engaging in fraudulent misconduct that caused USD LIBOR to be artificially depressed during the Class Period." ¶ 280. "Though some market participants voiced concerns in early 2008 that USD LIBOR did not reflect banks' true borrowing costs, Defendants refuted those concerns through a campaign of media propaganda." ¶ 281. *See also* ¶¶ 282-350. For example, the SAC alleges that in response to sporadic concerns about the accuracy of LIBOR "the BBA purported to conduct an inquiry regarding LIBOR" in April 2008 (¶ 292), and "falsely stated that LIBOR had not been manipulated, providing false assurance to Plaintiffs and the Class that the concerns expressed by some market participants were unfounded." ¶ 294. *See also* ¶¶ 295-300, 313-316. The SAC further alleges that on August 5, 2008, the BBA published a "Feedback Statement" on LIBOR, reasserting that "BBA LIBOR has been the subject of inaccurate and misconceived commentary in some areas of the media and that this needs to be addressed." The paper concluded that "contributing banks . . . were confident that their submitted rates were 'truly reflective of their perceived borrowing costs,'" and further that "all contributing banks are confident that their submissions reflect their perception of their true costs of borrowing, at the time at which they submitted their rates." ¶ 315.

---

[3] The CCSAC, filed on November 19, 2014, prior to the Court's dismissal of GDB's claim makes the same allegations relevant to this motion. For ease and consistency, citations above are to the operative SAC, which was amended to correct certain deficiencies in Berkshire's damages allegations.

<u>**ARGUMENT**</u>

**A.      Legal Standard**

"Federal Rule of Civil Procedure] 15 (a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also See Williams v. Citigroup Inc.,* 659 F.3d 208, 212-213 (2d Cir. 2011) (stating the Second Circuit's "strong preference for resolving disputes on the merits"); *Nycomed U.S. Inc. v. Glenmark Generics, Ltd.*, No. 08-CV-5023, 2010 U.S. Dist. LEXIS 29267, at \*6 (E.D.N.Y. Mar. 26, 2010) ("Pursuant to Rule 15 of the Federal Rules of Civil Procedure, where, as here, a responsive pleading has already been filed, a party may amend its pleading 'with . . . the court's leave[,]' which should be 'freely' granted 'when justice so requires.'") (quoting Fed. R. Civ. P. 15(a)(2)); *Ronzani v. Sanofi*, 899 F.2d 195, 198 (2d Cir. 1990) (reversing district court's denial of first request to amend, saying, "[s]ince [plaintiff] had not previously been given leave to amend, and had offered to amend his complaint, we hold that the court abused its discretion in dismissing the complaint without leave to amend").

"As a procedural matter, a party seeking to file an amended complaint post judgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b)."  *Citigroup*, 659 F.3d at 213.  Second Circuit authority holds that following dismissal for failure to state a claim, a curative amendment should normally be allowed: "Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course."  *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991).

Indeed, "[a]mendments are favored because they 'tend to facilitate a proper decision on the merits.'" *Nycomed*, 2010 U.S. Dist. LEXIS 29267, at *6 (quoting *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)).  While Fed. R. Civ. P. 15(a) contemplates only one amendment of the pleadings "as a matter of course," the rigid adherence to any rule that would ultimately permit one, and only one, amendment would truly elevate form over substance. This Circuit frowns on such a strict and hyper-technical stance toward amended pleadings. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) ("[M]ere technicalities should not prevent cases from being decided on the merits[.]") (citations omitted).

The only circumstances under which a motion for leave should be denied are "where the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile." *Javier v. Botello*, 239 F.R.D. 342, 345 (W.D.N.Y. 2006) (citing *Foman*, 371 U.S. at 182; *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

"Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id.* (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).  And unless the party opposing a motion to replead demonstrates that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted.  *Block*, 988 F.2d at 550.

In determining a motion to amend filed after a court-ordered deadline for amending the pleadings, a court must balance the requirements of Rules 15(a) and 16(b)." *Woodworth v. Erie Ins. Co.*, 2009 U.S. Dist. LEXIS 49379, at *6 (W.D.N.Y. June 12, 2009) citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). The Rule 16(b) "good cause standard" governs a motion to amend filed after the deadline a district court has set for amending

the pleadings. *Parker*, 204 F.3d at 340. "Good cause," depends on "the diligence of the moving party." *Id*.; *see, e.g., Kassner v. 2nd Ave. Delicatessen Inc*., 496 F.3d 229, 244 (2d Cir. 2007) (in determining whether a movant has established good cause to amend, the court's primary consideration should be "whether the moving party can demonstrate diligence"); *Lowry v. Eastman Kodak Co.*, 14 F. App'x 27, 30 (2d Cir. 2001) (same); *Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997) ("'[g]ood cause' means that scheduling deadlines cannot be met despite a party's diligence").

"Courts in this Circuit have found good cause to support amendment when plaintiffs have diligently sought leave upon a change in controlling law." *Elsevier Inc. v. Grossmann*, 2017 U.S. Dist. LEXIS 69677, at *23 (S.D.N.Y. May 8, 2017) (permitting amendment following change in RICO law regarding domestic injury). *See, e.g., Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2016 U.S. Dist. LEXIS 130918, at *11 (S.D.N.Y. Sept. 23, 2016) (citing *McGuire v. Warren*, 207 F. App'x 34 , 36-37 (2d Cir. 2006) (summary order) (permitting plaintiff to amend complaint to meet change in applicable law since complaint was filed)); *Woodworth*, 2009 U.S. Dist. LEXIS at at *6 (W.D.N.Y. June 12, 2009), report and recommendation adopted as modified, 2009 U.S. Dist. LEXIS 100834, at *8 (W.D.N.Y. Oct. 29, 2009) ("The 'good cause' standard may be satisfied by a showing that the substantive law changed, or that the moving party discovered new evidence, following the scheduling deadline.").

### B.    The Second Circuit's Recent Decision in *Schwab* Is "Good Cause" To Support Amendment

In *LIBOR V*, this Court dismissed GDB's fraud claim as time barred.  Referencing its prior ruling in *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2015 U.S. Dist. LEXIS 147561, at *430 (S.D.N.Y. Oct. 19, 2015) ("*LIBOR IV*"), the Court held that news articles

concerning LIBOR published as of May 29, 2008, knowledge of which the Court imputed to GDB, placed GDB on inquiry notice. *Id*. at *77. ("we consider GDB to have been on inquiry notice by May 29, 2008 (or the date of its investment, whichever is later)"). Even though the complaint did not allege that GDB was aware of the articles, the Court held that GDB had "constructive knowledge" of the articles. *Id*. at *76. The Court held that GDB's claim was time barred because GDB failed to file within one year of May 2011. *Id*. at *77-78.

Recently, evaluating the same news articles for purposes of constructive notice, the Second Circuit applied a different standard than that used by this Court in dismissing GDB's claims. In *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 97 (2d Cir. 2018), the Second Circuit held that this Court's dismissal of the Schwab plaintiffs' state law unjust enrichment claim as time barred was in error.

> Here, Schwab alleges that it "had not discovered . . . facts indicating Defendants were knowingly engaging in misconduct" until March 2011, J.A. 856, and as the district court properly determined in connection with Schwab's tort causes of action, the complaint does not reveal when Schwab "became aware of the news articles that would have put [it] on inquiry notice," *LIBOR IV*, 2015 U.S. Dist. LEXIS 147561, 2015 WL 6243526, at *177. As a result, it is impossible to determine from the complaint when the statute of limitations began to run.

*Id.* at 98.

The Second Circuit held that this Court should have applied California's "inquiry notice" to Schwab's unjust enrichment claims because they "sound in fraud." *Id*. at 97.  While the Second Circuit acknowledge that "California courts have rejected the argument that press reporting that might make a reasonable person suspect wrongdoing is sufficient where there is no evidence that the plaintiff was aware of the reporting in question" (*id*) it determined that dismissal was in error even if the press reports were considered as part of constructive notice:

> Moreover, *even if Schwab were aware of news articles that raised the possibility that "LIBOR had been at artificial levels since August 2007," Appellees' Br. 57*

8

*(internal quotation marks omitted), it is not certain that any of Schwab's claims would be time-barred*. The BBA responded to the negative press reporting by assuring investors and journalists that its own investigation had confirmed the accuracy of LIBOR. *It is plausible that Schwab reasonably relied on those assurances, thus delaying the start of the limitations period*. See BPP Ill., LLC v. Royal Bank of Scot. Grp., PLC, 603 F. App'x 57, 59 (2d Cir. 2015) (considering the same press reports at issue here, and reversing district court for "act[ing] too hastily" in dismissing LIBOR-manipulation claims as time-barred).

Discovery in this case may well reveal that Schwab should have suspected wrongdoing well before March 2011. At this stage, however, partial dismissal of the unjust enrichment claims was unwarranted.

*Id*. at 98 (emphasis supplied).

The Second Circuit's decision in *Schwab* is a change in controlling law, addressing the exact legal and factual issue this Court addressed in *LIBOR V* as to GDB.  Thus, there is "good cause" for granting GDB to amend the SAC.

## C.    Amendment Is Appropriate Because GDB Has Acted In Good Faith and Without Delay, There Is No Prejudice To Defendants, And Amendment Will Not Be Futile

Amendment should be permitted based on the Second Circuit's recent decision in *Schwab*. *First*, there has not been any undue delay or bad faith by GDB. The Second Circuit decided *Schwab* on February 23, 2018.  GDB could not have effectively amended its allegations prior to *Schwab* being decided. Indeed, this Court "so ordered" the June 15, 2018 deadline for filing motions to amend based on the decision in *Schwab*. Having met this deadline, GDB's motion is timely and in good faith.

*Second*, amendment will not prejudice Defendants or delay the proceedings. The proposed amendment does not add a new theory of liability, cause of action, or party that would expand discovery. The fraud claim of the other Lender Plaintiff, The Berkshire Bank, has been sustained. Permitting amendment will not expand discovery. Such an amendment should in no way prejudice Defendants.  *See Phillips v. Kidder, Peabody & Co.,* 1994 U.S. Dist. LEXIS

14578, at *9-13 (S.D.N.Y. Oct. 13, 1994) (granting leave to amend, stating: "The original complaint alleged that the prospectus falsely inflated the worth of [the] stock. The new allegations only add additional facts to the fraud claim. Thus, the proposed amended complaint is closely related to the original claim, and is based on a similar set of operative facts."). These circumstances are far removed from the typical situation in which prejudice is found, whereby a plaintiff springs a radically different proposed amended complaint on a defendant at a late stage in the litigation. *Contrast Block*, 988 F.2d at 350 (holding that prejudice arises when new claims would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute . . . ."); *Ansam Assoc., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) ("[p]ermitting the proposed amendments would have been especially prejudicial given the fact that discovery had already been completed and [defendant] had already filed a motion for summary judgment."); *Citizens & Southern Sec. Corp. v. Braten*, 733 F. Supp. 655, 660 (S.D.N.Y. 1990) (suggesting that prejudice would occur when proposed amended complaint, which was based on a new set of operative facts, was not even alluded to in earlier pleadings); *Brodvin v. Hertz Corp.*, 487 F. Supp. 1336, 1339 (S.D.N.Y. 1980) (similar).

   *Third*, amendment will not be futile. "Leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, if it appears beyond doubt that plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 110 (2d Cir. 2001) (citations omitted). The Court dismissed GDB's claims as time barred on the sole basis that constructive knowledge of LIBOR-related press releases put it on inquiry notice. In *Schwab*, the Second Circuit, considering the exact same articles, held that even if a plaintiff were aware of the articles,

dismissing them as time barred at the motion to dismiss stage is inappropriate. *Schwab*, at 98. The proposed amendment will make clear, to the extent the SAC does not already do so, that GDB had not discovered facts indicating Defendants were knowingly engaging in misconduct until March 15, 2011.

## CONCLUSION

For the foregoing reasons, GDB requests that the Court grant its Motion for Leave to Amend the Second Amended Consolidated Complaint.

Dated:  June 19, 2018

Respectfully Submitted,

**POMERANTZ LLP**

/s/ Jeremy A. Lieberman
Marc I. Gross
Jeremy A. Lieberman
Michael J. Wernke
Veronica V. Montenegro
600 Third Avenue
New York, New York 10016
Telephone: 212-661-1100
Facsimile: 212-661-8665
mgross@pomlaw.com
jalieberman@pomlaw.com
mjwernke@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Joshua B. Silverman
Louis C. Ludwig
Ten South LaSalle Street, Suite 3505
Chicago, Illinois  60603
Telephone: 312-377-1181
Facsimile: 312-377-1184
pdahlstrom@pomlaw.com
jbsilverman@pomlaw.com
lcludwig@pomlaw.com

***Counsel for Plaintiffs and the Class***

11