# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB<br><br>ECF Case |
| THE BERKSHIRE BANK and GOVERNMENT BANK FOR PUERTO RICO Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>      Defendants. | Civil Action No. 12-CV-5723-NRB |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**<u>DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS</u>**

Plaintiffs The Berkshire Bank ("Berkshire") and The Government Development Bank of Puerto Rico ("GDB" and together with Berkshire, the "Lender Plaintiffs" or "Plaintiffs"), on behalf of itself and the Settlement Class Members in the above captioned Action, respectfully submits this memorandum of law in support of its Motion for Distribution of Class Action Settlement Funds.[1]

## I.   INTRODUCTION

The Court has entered final judgment approving class action settlements with the following entities: Citibank, N.A., Citigroup Inc., HSBC Bank plc, HSBC Holdings plc, Barclays Bank plc, JPMorgan Chase & Co., JPMorgan Chase Bank. N.A., Bank of America Corporation, Bank of America, N.A., UBS AG, Deutsche Bank AG, Deutsche Bank Securities, Inc., Credit Suisse AG and The Bank of Tokyo-Mitsubishi UFJ, Ltd., n/k/a MUFG Bank, Ltd. *See* ECF Nos. 2777, 3097, 3276, 3445. Plaintiffs' Counsel has been advised by the court-appointed Class Action Claims Administrator, JND Legal Administration ("JND" or "Claims Administrator"), that it has completed processing proofs of claim submitted by those persons who responded to the various notices of settlement and has determined which of those persons are Authorized Claimants. *See* Declaration of Jennifer M. Keough in Support of Motion for Distribution of Class Action Settlement Funds (the "Keough Declaration") ¶2. All that remains to complete the Settlement process for these settlements is to distribute the net Settlement Fund from each settlement to the Authorized Claimants. Thus, Plaintiffs' Counsel requests that the Court authorize the distribution of the net Settlement Funds to the Authorized Claimants.

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meanings as set forth in each of the respective Stipulation and Agreement of Settlement (the "Stipulation") filed with the Court. *See* ECF Nos. 2506-3, 2506-4, 2506-5, 2969-1, 3021-3, 3204-1, 3343-1 and 3343-2.

## II.     DETERMINATION OF AUTHORIZED CLAIMS

### A. Deficient and Ineligible Claims

Pursuant to the various Settlement Agreements and the Court's Final Judgments, the Claims Administrator received a total of 1,929 claim submissions for 685,269 loans. See Keough Declaration ¶¶5, 8.

8.     JND reviewed each claim to verify that the claim submission was certified and that the information provided was consistent with the supporting documentation provided. *Id*., at ¶7. JND implemented a system of claim-level conditions to identify claims that were potentially ineligible, deficient, or duplicative. *Id*. For each claim that was determined to be deficient, JND notified the claimant by mail and/or email that one or more deficiencies had been identified with their claim submission and provided a report that itemized each deficiency. *Id*., at ¶8. The report also included a deficiency guide with a detailed description of each type of deficiency and what curative action was required. *Id*. Claimants were given 20 calendar days to provide responses in order to cure the deficiencies that had been identified to them. *Id*. JND reviewed and processed all deficiency responses received and worked closely with individual claimants both to address any additional questions they had and to assist them in curing their claim deficiencies. *Id*., at ¶9.

After completing the claim review process, JND identified 964 claims that were ineligible and that it has recommended for rejection because (i) the claimant did not fit the Class Member definition, (ii) the claimant did not have a recognized loss and/or did not supply sufficient loan information, or (iii) the claim was otherwise deficient in a key aspect (e.g. the Claim Form was not signed). *Id*., at ¶11(b). Claimants whose claims were determined to be ineligible were provided with notification of this determination and, where applicable, given an opportunity to cure the

2

deficiencies identified with their claim. *Id*., at ¶12. To date, none of the 964 ineligible claimants object to or contest JND's determination. *Id*.[2]

**B. Properly Documented Claims**

Of the 1,929 Proofs of Claims received, JND has determined that 690 are acceptable in whole or in part. *Id*. ¶11(a). The 690 valid claims represent Recognized Losses of $1,532,073,826.73. *Id*., at ¶14. While certain of the valid claims were filed late, the Court should accept all late but otherwise valid claims received by JND on or before October 31, 2022, because the untimely filed claims have not caused significant delay to the distribution of the net Settlement Funds to the Settlement Class, or otherwise prejudiced any Authorized Claimant. *Id.*, at ¶6; *see In re "Agent Orange" Product Liability Litig*., 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims."). Plaintiffs respectfully requests that the Court approve the 690 properly documented claims as listed in Exhibit B-1 of the Keough Declaration.

**III.   DISTRIBUTION OF THE NET SETTLEMENT FUND**

As more fully described in the Keough Declaration at ¶15, the Claims Administrator will conduct an initial distribution to Authorized Claimants.

If there is any balance remaining in the Net Settlement Fund after six months from the date of distribution of the net Settlement Funds, the Claims Administrator shall, if cost-effective, conduct additional distributions until it is determined that further re-distribution is not cost-

---

[2] 205 claims were duplicative and another 70 claims were withdrawn. *Id*., at ¶11(c)-(d).

effective. Keough Declaration at ¶16.  If further re-distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be distributed pursuant to a method approved by the Court.

## IV.   FEES AND DISBURSEMENTS

JND agreed to be the Claims Administrator in exchange for payment of its fees and expenses.  Keough Decl. ¶ 17.  Pursuant to orders granting preliminary approval of the Settlements the Court approved fees and expenses for the notice and administration of the Settlements totaling $1,450,500.00. ECF Nos. 3008, 3024, 3218, 3378. The cost of the administration for this project up to the Initial Distribution of the Net Settlement Fund ("Initial Distribution") is $1,227,329.01. To date, JND has received payment of $1,209,941.28.  *Id.* Accordingly, there is a total of $17,387.73 payable to JND. *Id.* The estimated cost of conducting the Initial Distribution is $26,802.00 (attached hereto as Exhibit C is a copy of JND's estimate to conduct the Initial Distribution).  Therefore, the total amount requested to be paid from the Settlement Fund to JND is $44,189.73, consisting of $17,387.73 in fees and expenses already incurred and $26,802.00 in anticipation of the work that will be performed for the Initial Distribution, to satisfy all administration fees and expenses.[3]  *Id.*

## V.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court approve and enter the [Proposed] Order concerning distribution of the net Settlement Funds.

Dated: November  23, 2022
New York, New York

---

[3] If the estimate of fees and expenses to conduct the Initial Distribution is greater than the actual cost to conduct the distribution, the excess will be returned to the Net Settlement Fund.

4

                      **POMERANTZ LLP**
                      */s/ Jeremy A. Lieberman*
                      Jeremy A. Lieberman
                      Michael J. Wernke
                      600 Third Avenue, 20th Floor
                      New York, New York 10016
                      Telephone: (212) 661-1100
                      Facsimile: (212) 661-8665
                      Email: jalieberman@pomlaw.com
                               mjwernke@pomlaw.com


                      **POMERANTZ LLP**
                      Patrick V. Dahlstrom
                      10 South La Salle Street, Suite 3505
                      Chicago, Illinois 60603
                      Telephone: (312) 377-1181
                      Facsimile: (312) 377-1184
                      Email: pdahlstrom@pomlaw.com


                      *Interim Lead Counsel for the Lender Class*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                                */s/ Jeremy A. Lieberman*_____
                                                Jeremy A. Lieberman