# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB<br><br>ECF Case |
| THE BERKSHIRE BANK and GOVERNMENT BANK FOR PUERTO RICO Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>                Defendants. | Civil Action No.  12-CV-5723-NRB |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for Distribution of Class Action Settlement Funds is GRANTED.

2. The funds that are currently in the Settlement Funds[1] (after deducting any Notice and Administration Cost, Taxes and Tax Expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibit B-1 to the Declaration of Jennifer M. Keough in Support of Motion for Distribution of Class Action Settlement Funds (the "Keough Declaration"), at the direction of Plaintiffs' Counsel pursuant to the various Settlement Agreements and the Plan of Distribution previously approved by the Court.

3. Any person asserting any rejected or subsequently filed claims for the relevant settlements are finally and forever barred as of October 31, 2022, the date used to finalize the administration based on the Keough Declaration.

4. The Court finds that the administration of the Settlements and proposed distribution of the Settlement Funds comply with the terms of the Stipulations and the Plan of Distribution and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including, but not limited to Plaintiffs' Counsel and the Court-appointed Claims Administrator, JND Legal Administration ("JND"), are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members are barred from making any further claims against the Settlement Funds or the released parties beyond the amount allocated to them pursuant to this Order.

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meanings as set forth in each of the respective Stipulation and Agreement of Settlement (the "Stipulation") filed with the Court. *See* ECF Nos. 2506-3, 2506-4, 2506-5, 2969-1, 3021-3, 3204-1, 3343-1 and 3343-2.

5. The checks for distribution to Authorized Claimants shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 180 DAYS OF DISTRIBUTION." Plaintiffs' Counsel and JND are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

6. Pursuant to the Plan of Distribution, if any funds remain in the Settlement Funds by reason of uncashed checks or otherwise, then, after JND has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Settlement Funds cash their distribution checks, any balance remaining in the Settlement Funds after six (6) months from the initial distribution (whether by reason of tax refunds uncashed checks or otherwise), Plaintiffs' Counsel, in connection with JND, shall, if feasible and cost-effective make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00. Additional re-distributions may occur thereafter in three (3) month intervals until Plaintiffs' Counsel, in consultation with JND, determines that further re-distribution is not cost-effective.

7. JND's request for payment of: (a) outstanding fees and expenses already incurred in connection with the administration in the amount of $17,387.73; and (b) its estimate to complete the Initial Distribution in the amount of $26,802.00, as set forth in paragraph 17 of the Keough Declaration and Exhibit C thereto, is approved.

8. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

IT IS SO ORDERED.

Dated: December 16, 2022

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE